IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-6081 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| AMERICAN EXPRESS COMPANY, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint against American Express Company and American Express Travel Related Services Company.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. See Denton v. Hernandez, 504 U.S. 25, 32 (1992). Examples are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar. See Neitzke v. Williams, 490 U.S. 319, 328 (1989). To pierce the

G:\PRO-SE\MJJ\CR.07\riches39.dsm.wpd

1 veil of the complaint's factual allegations means that a court is not bound, as it usually is
2 when making a determination based solely on the pleadings, to accept without question the
3 truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  A finding of factual
4 frivolousness is appropriate when the facts alleged rise to the level of the irrational or the
5 wholly incredible, whether or not there are judicially noticeable facts available to contradict
6 them.  See id. at 32-33.

7 Plaintiff seeks a restraining order against forbidding defendants from "burning the flag
8 on foreign soil."  Plaintiff alleges that American Express "has ties to the Jewish Mossad and
9 anyone that takes American Express cards get their hands cut off by the Mossad."  Plaintiff
10 further alleges that American Express has contracted "the Jewish Mossad" to "hunt me
11 down," and that defendants "plan to sneak in my cell at night and muffle me from exposing
12 their truths to Wolf Blitzer."  Plaintiff also alleges that American Express employs illegal
13 immigrants who steal funds "which then go into the Central Bank of Mexico, used to buy
14 tacos and ethanol."  According to plaintiff, this "is an assassination attempt on me."  As
15 plaintiff's allegations are clearly baseless, irrational or wholly incredible, the complaint will
16 be dismissed as frivolous under sections 1915A and 1915(e)(2).

17 For the foregoing reasons, this action is DISMISSED.
18 The Clerk shall close the file.
19 IT IS SO ORDERED.
20 DATED: 12/17/07

MARTIN J. JENKINS
21 United States District Judge

G:\PRO-SE\MJJ\CR.07\riches39.dsm.wpd          2